## LEVERENTZ v. CHICAGO, M. & ST. P. RY. CO. et al.

(District Court, D. Minnesota, Third Division. August 6, 1925.)

1. **Removal of causes ⬤═102—Remand not justified unless complaint shows with at least reasonable clearness a cause of action against local defendant.**

To justify remanding of a suit for death against a foreign corporation and local defendant, allegations of complaint should show with at least reasonable clearness that a cause of action is set forth against local defendant.

2. **Removal of causes ⬤═102—Complaint for death held not to state cause of action against brakeman so as to justify remand of cause to state court.**

In suit for death of plaintiff's decedent when struck by train at crossing, complaint *held* not to state cause of action against brakeman as local defendant so as to justify remand of cause to the state court.

At Law. Action by Carl F. Leverentz, as administrator of the estate of Carl Edward Leverentz, deceased, against the Chicago, Milwaukee & St. Paul Railway Company and another. On motion to remand to district court of the state of Minnesota. Motion denied.

Stan D. Donnelly and Warner Newcombe, both of St. Paul, Minn., for plaintiff.

F. W. Root, C. O. Newcomb, and A. C. Erdall, all of Minneapolis, Minn., for defendant Chicago, M. & St. P. Ry. Co.

CANT, District Judge. [1] To justify the remanding of this case, the allegations of the complaint should show with at least reasonable clearness that a cause of action is set forth against the local defendant. That should not be entirely lacking, nor left to be spelled out from vague, uncertain, or equivocal statements in the pleadings.

In that connection the allegations here are that the defendant Oatman was head brakeman on the train in question, and that "at the time of said accident (he) was charged with the duty of maintaining or keeping a lookout for persons using said Cleveland avenue at said crossing." Paragraph III of the complaint. In paragraph IV of the complaint the allegations are that at the time in question, "the defendants * * * carelessly, negligently, and unlawfully operated said train at a high and unreasonable rate of speed under the circumstances in approaching and crossing said Cleveland avenue, and at a speed prohibited by the ordinances of the City of St. Paul, carelessly, negligently, and unlawfully failed to give said Carl Edward Leverentz proper or adequate warning of the approach of said train under all the circumstances, or to keep a lookout upon said train in approaching and crossing said Cleveland avenue, and carelessly and negligently failed to adequately and properly safeguard said crossing and warn the said Carl Edward Leverentz and others and the public generally of the approach of trains."

In connection with the operation of the train it does not appear that the defendant Oatman had any duties to perform at the time in question, except to keep a lookout. He was a brakeman only, and his duties were strictly limited. To allege, as plaintiff does, that the defendants (using the plural) carelessly, etc., operated said train, when taken in connection with the other allegations, and with common knowledge as to how trains are operated, is, as against the defendant Oat-

man, mere words. As well might the allegation be made that a passenger comfortably riding in a passenger coach was operating the train. No matter what the words used, everybody knows better. Such an allegation does not harmonize with the other allegations in the pleading. So here Oatman was not operating the train in any such sense that he was responsible for its movements. He was lookout man.

Having in mind the status of the defendant Oatman, the alleged acts of negligence may be considered. Various of such acts in connection with the operation of the train are charged, with most of which the defendant Oatman could have had no connection. For the most part these are stated in order, and are joined by the conjunctive "and." When we reach the only charges of negligence with which the defendant Oatman could have had any possible connection, the disjunctive "or" is used, and the charge is "negligently and unlawfully failed to give said Carl Edward Leverentz proper or adequate warning of the approach of said train under all the circumstances, or to keep a lookout upon said train," etc. The charge is otherwise imperfectly made, as an examination of the language used will clearly disclose.

Perhaps the word "or," above referred to, should be read "and," but perhaps again it should not. The word may have been selected with care and with the thought of giving it the usual disjunctive meaning. With that understanding we cannot know what negligence is charged. It may be of either one class or the other. To say the least, it is not satisfactory to have important rights rest upon mere speculation as to what is intended, when certainty is easily possible. Moreover, the mere keeping of a lookout is in itself unimportant, except as connected with certain other acts, such as signaling or giving warning, or controlling the movement of the train by brakes or otherwise. There is no allegation here that any such duties rested upon Oatman. We may possibly assume that they did, but a possible assumption cannot take the place of an allegation. We have not come to that. If any such duties rested upon Oatman, it was easy to so allege.

[2] In the ordinary course of events, the mere failure to keep a lookout would not be the proximate cause of results such as are here complained of. To have that effect, it would be necessary to allege and prove that Oatman was provided with means immediately at hand with which to sound a warning, or control the movement of the train, and that it was his duty to use the same, or that others in charge of the train, whose duty it was to sound warnings, should have been at a place where they might receive signals or other information from Oatman, indicating that travelers on the highway were in danger, and that it was the duty of Oatman to give such signals or information. There is no word as to any of these matters, and nothing to indicate that anything could have been accomplished, no matter how diligent the outlook had been. It is reasonably clear that to hold Oatman much more should have been alleged. Labored inferences as a substitute therefor cannot be justified. If there was a cause of action against Oatman, the pleader should have said so by means of "a plain and concise statement of facts." This has not been done.

No cause of action is stated against Oatman, and the motion to remand should be denied.